IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | NO. 5:19-CR-09 |
| | § | (Judge Craven/Schroeder) |
| CEDRIC RONDELL HOWARD | § | |

## PLEA AGREEMENT

Defendant, Cedric Rondell Howard, defendant's attorney, Mr. Cory Floyd, and the

United States Attorney for the Eastern District of Texas agree to the following:

1.    **RIGHTS OF THE DEFENDANT**:    Defendant understands he has the

following rights:

a.    to plead not guilty;

b.    to have a trial by jury;

c.    to have guilt proved beyond a reasonable doubt;

d.    to confront and cross-examine witnesses and to call witnesses in defense; and

e.    to not be compelled to testify against oneself.

2.    **WAIVER OF RIGHTS AND PLEA OF GUILTY**:    Defendant waives these

rights and agrees to enter a plea of guilty to Count One of the Indictment, which charges

a violation of 18 U.S.C. § 922(a)(6), False Statement in Connection with the Attempted

Acquisition of a Firearm.    Defendant understands the nature and elements of the crime

he is pleading guilty to and he agrees that the factual basis he has signed is true and

correct and will be submitted as evidence.

Plea Agreement - Page 1 of 6

3.    **SENTENCE:**    The maximum penalties the Court can impose for Count One include:

      a.    imprisonment for a period not to exceed ten (10) years;

      b.    a fine not to exceed $250,000.00, or twice any pecuniary gain to defendant or loss to the victim(s);

      c.    a term of supervised release of not more than 3 years. If defendant violates the conditions of supervised release, the consequence could be imprisonment for the entire term of supervised release;

      d.    a mandatory special assessment of $100.00, which must be paid by cashier's check or money order to the United States District Clerk;

      e.    restitution to victims or to the community, which may be mandatory under the law and which may include restitution arising from all relevant conduct, not limited to that arising from the offense of conviction alone; and

      f.    costs of incarceration and supervision.

4.    **COURT'S SENTENCING DISCRETION AND ROLE OF THE GUIDELINES:** Defendant understands that the sentence in this case will be imposed by the Court after consideration of the U.S. Sentencing Guidelines Manual (U.S.S.G. or guidelines).    The guidelines are not binding on the Court, but are advisory only.    Defendant has reviewed the guidelines with defense counsel, but understands that no one can predict with certainty the outcome of the Court's consideration of the guidelines in this case. Defendant will not be allowed to withdraw the plea entered pursuant to this agreement if the sentence is higher than expected, so long as it is within the statutory maximum. Defendant understands that the actual sentence to be imposed is solely in the discretion of the Court.

5.    **GUIDELINE STIPULATIONS:**    The parties stipulate to the following factors that affect the appropriate sentencing range in Count One of this case:

    a.    Pursuant to Sentencing Guidelines Manual §§ 2K2.1(b)(2) (2018) (U.S.S.G.) the base offense level should be 6 because the defendant attempted to possess the firearm solely for a lawful sporting purpose and did not unlawfully discharge or otherwise unlawfully use such firearm;

    b.    A reduction of two levels for acceptance of responsibility under U.S.S.G. § 3E1.1(a) applies; however, this stipulation is subject to recommendation of the United States Probation Office. **If circumstances indicating that the defendant has not accepted responsibility become known after entry of this agreement, this stipulation is void and defendant may object to the failure of the Presentence Report to recommend the reduction.**

The parties understand that the Court is not bound by these agreements. Furthermore, the parties specifically agree that other specific offense characteristics or guideline adjustments may increase or decrease the appropriate sentencing range. Nothing in this agreement will preclude argument by either party regarding any other specific offense characteristic or guideline adjustment.

6.    **GOVERNMENT'S AGREEMENT:**    The United States Attorney for the Eastern District of Texas agrees not to prosecute defendant for any additional non-tax-related charges based upon the conduct underlying and related to defendant's plea of guilty.

7.    **VIOLATION OF AGREEMENT:**    Defendant understands that upon violation of any provision of this agreement or any Order or Rule of the Court or if the guilty plea pursuant to this agreement is vacated or withdrawn, the Government will be free from its obligations under this agreement and may prosecute defendant for all offenses of which it

has knowledge.   In such event, defendant waives any objections based upon delay in prosecution.

8.    **VOLUNTARY PLEA:**    This plea of guilty is freely and voluntarily made and is not the result of force, threats, or promises other than those set forth in this plea agreement.

9.    **WAIVER OF RIGHT TO APPEAL OR OTHERWISE CHALLENGE SENTENCE:** Except as otherwise provided herein, defendant expressly waives the right to appeal the conviction and sentence in this case on all grounds.   Defendant further agrees not to contest the sentence in any post-conviction proceeding, including, but not limited to a proceeding under 28 U.S.C. § 2255.   Defendant, however, reserves the right to appeal should the punishment imposed exceed the statutory maximum.   The defendant also reserves the right to appeal or seek collateral review of a claim of ineffective assistance of counsel.

10.    **WAIVER OF RIGHT TO RECORDS:**   The defendant hereby waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a.

11.    **REPRESENTATION OF COUNSEL:** Defendant has thoroughly reviewed all legal and factual aspects of this case with his lawyer and is fully satisfied with that lawyer's legal representation.   Defendant has received satisfactory explanations from his

lawyer concerning each paragraph of this plea agreement, each of his rights affected thereby, and the alternatives to entering a guilty plea.   After conferring with counsel, defendant concedes guilt and has concluded that it is in the defendant's best interest to enter this agreement rather than proceeding to trial.

12.    **LIMITATIONS ON THIS AGREEMENT:**   This plea agreement is only binding on the United States Attorney's Office for the Eastern District of Texas and does not bind any other federal, state, or local prosecuting authority.   Nothing in this agreement shall be construed to release defendant from possible related or consequential civil liability to any individual, legal entity, or the United States.

13.    **ENTIRETY OF AGREEMENT:**   This Plea Agreement consists of this document and the sealed addendum required by Local Rule CR-49.   References in this document to "agreement" or "Plea Agreement" refer to both this document and the sealed addendum.   The defendant, defendant's attorney, and the United States Attorney for the Eastern District of Texas acknowledge that this is a complete statement of the parties' agreement in this case.   It supersedes all other plea agreements and may not be modified unless the modification is in writing and signed by all parties.   No other promises have been made or implied.

Respectfully submitted,

JOSEPH D. BROWN
UNITED STATES ATTORNEY

Dated: 8/20/2019

_____
JIM NOBLE
Assistant United States Attorney

**Plea Agreement - Page 5 of 6**

I have read (or had read to me) this Plea Agreement and have carefully reviewed every part of it with my attorney.    I fully understand it and voluntarily agree to it.

Dated: 8/20/19

_____
CEDRIC RONDELL HOWARD
Defendant

I am defendant's counsel.    I have carefully reviewed every part of this Plea Agreement with defendant.    To my knowledge and belief, my client's decision to enter into this Plea Agreement is an informed and voluntary one.

Dated: 8/20/19

_____
CORY FLOYD
Attorney for Defendant

**Plea Agreement - Page 6 of 6**